UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:11-cr-00015-GFVT-HAI-3 |
| | ) | |
| v. | ) | |
| | ) | |
| MICKEY ALLEN BROWN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1065.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Mickey Allen Brown has been charged with violating the terms of his supervised release. [R. 1051.] This Court entered a judgment against Mr. Brown on September 20, 2012, following a guilty plea to conspiracy to manufacture 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. [R. 611.] Mr. Brown was sentenced to 110 months in prison, followed by a five-year term of supervised release. *Id.* Mr. Brown was released and began his first term of supervision on April 12, 2017. On October 30, 2019, the United States Probation Office informed the Court that a urine sample from Mr. Brown had tested positive for methamphetamine via an instant testing device on October 11. [R. 997.] Mr. Brown subsequently made a written admission to using methamphetamine. *Id.* The Probation Office took a second urine specimen on October 18 that tested negative. Mr. Brown agreed to submit to weekly drug testing for four months, and at the recommendation of the

USPO, this Court approved a request for no revocation but added a condition requiring "weekly drug testing for the next four months at the direction and discretion of the probation officer." *Id.*

The USPO initiated revocation proceedings on January 28, 2020, after Mr. Brown submitted a urine specimen on January 17 that tested positive for methamphetamine. Mr. Brown stipulated to using and possessing a controlled substance other than one prescribed by a physician and to committing the crime of methamphetamine possession. [R. 1013 at 2–3.] Mr. Brown's supervised release was revoked and he was sentenced to twelve months of incarceration to be followed by twenty-four months of supervision to include, upon release, six months of inpatient drug abuse treatment. [R. 1019.] Mr. Brown was released on January 28, 2021.

The USPO initiated these proceedings on May 25, 2021, by issuing a Supervised Release Violation Report. The report charges Mr. Brown with violating Special Condition #9, which requires compliance with and successful completion of the six-month inpatient drug abuse treatment program, which is a Grade C violation. [R. 1065 at 3.] Mr. Brown reported to the USPO that he had left his drug abuse treatment program after engaging in a verbal altercation with staff at the facility. *Id.*

On June 9, Judge Ingram conducted an initial appearance with Mr. Brown pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. [R. 1060.] However, prior to that hearing, Mr. Brown submitted a urine sample that tested positive for methamphetamine. At the hearing, Judge Ingram informed Mr. Brown that he would be facing two new charged violations, and Mr. Brown knowingly, voluntarily, and intelligently waived his right to a preliminary hearing on all three charged violations. *Id.* The government moved for interm detention and Mr. Brown did not argue for release. *Id.* Based on the heavy burden pursuant to 18 U.S.C. § 3143(a), Judge Ingram granted the Government's request and remanded Mr. Brown to the

custody of the United States Marshal. *Id.*

On June 9, following the hearing, the USPO provided an Addendum charging Mr. Brown with two additional violations: Violation #2 for failure to refrain from the unlawful use of a controlled substance (a Grade C violation), and Violation #3 for committing a federal, state, or local crime (a Grade B violation). On June 14, Defense counsel filed a certification that he had reviewed the Addendum with Mr. Brown and the matter could proceed to the final hearing. [R. 1062.]

On June 25, 2021, Judge Ingram conducted the final hearing with Mr. Brown. Mr. Brown was afforded all rights to which he was due under Rule 32.1 and 18 U.S.C. § 3583. [R. 1065 at 4.] At the hearing, Mr. Brown competently entered a knowing, voluntary, and intelligent stipulation to all three violations. [R. 1064.] Under oath, he admitted to having used methamphetamine and to having left the treatment program. For the purposes of Rule 32.1 proceedings, Mr. Brown admitted the factual basis for the three violations as described in the Report and Addendum, and the United States therefore established Violations #1, #2, and #3 under the standard of § 3583(e).

II

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction. Here, Mr. Brown pleaded guilty to a Class A felony. [R. 611.] Pursuant to § 3583, the maximum period of incarceration upon revocation in Mr. Brown's case is five years. *See* 18 U.S.C. § 3583(e)(3).

3

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Gray's criminal history category of VI and admitted Grade B violation,[1] that Mr. Gray's range of revocation is twenty-one to twenty-seven months. [R. 1065 at 5.] Judge Ingram also addressed the fact that a court is permitted to re-impose supervised release "for a maximum period that usually subtracts any term of incarceration imposed due to the violations." *Id.*; *see also* 18 U.S.C. § 3583(b) & (h). The post-revocation cap is dependent on the term of supervised release that is "authorized by statute for the offense that resulted in the original term of supervised." 18 U.S.C. § 3583(h). Here, Mr. Brown's conviction for a conspiracy to manufacture methamphetamine does not carry a maximum term of supervised release. 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(A)(viii).

At the final hearing, the Government argued that revocation with twenty-five months of incarceration with no supervised release to follow was appropriate, and Counsel for Mr. Brown requested revocation with twenty-one months of imprisonment with no supervised release to follow. [R. 1065 at 5.] Both requests are within the guideline range of twenty-one to twenty-seven months. The Government particularly focused on the close tie between Mr. Brown's underlying federal conviction and issues with drug use and the significant breach of trust in this case. *Id.* at 6. Defense counsel argued that Mr. Brown had made some improvement and that Mr. Brown, though likable and a hard worker, is susceptible to pressure and faces daily battles with his addiction to methamphetamine. *Id.* at 7. Defense counsel asked that Mr. Brown be placed in a medical facility that can deal with the "mass" on his lung and, given prior issues with physical violence at FCI McDowell, requested that Mr. Brown not be returned there. *Id.* Mr.

---

[1] Pursuant to U.S.S.G. § 7B1.2(b), "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."

Brown also addressed the Court. He stated that he had high standards for himself but succumbed to the disease of meth addiction. *Id.* Mr. Brown added that he could not promise that he wouldn't use meth tomorrow if he was given the chance, and he stated that when faced with the choice of either fighting or running from trouble at the treatment facility, he had run. *Id.*

In determining the appropriate revocation term of imprisonment, Judge Ingram considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range. *Id.* Judge Ingram noted that revocation for Mr. Brown is mandatory by statute because he possessed a controlled substance. *Id.* at 8; *see also* 18 U.S.C. § 3583(g)(1). Judge Ingram found, however, that even if revocation was not mandatory, it would be appropriate given the nature of Mr. Brown's violations. *Id.*; *see also* U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Although subsection 3583(d) provides an alternative to revocation and imprisonment when a drug treatment program is appropriate, neither side argued in favor of additional treatment in this case. [R. 1065 at 8.]

Judge Ingram, in making his recommendation, considered the nature and circumstances of Mr. Brown's underlying conviction, as well as his history and characteristics and the need to protect the public and deter future criminal conduct. Mr. Brown has a criminal history category of VI, and although the Court was shown leniency with a below-Guidelines sentence after his first revocation, Mr. Brown not only left mandatory drug treatment but also used methamphetamine again. *Id.* Given Mr. Brown's history, Judge Ingram stated that he did not think additional training or treatment would be helpful to Mr. Brown. *Id.* at 9. Judge Ingram also outlined the primary wrong in the supervised release context, which is a breach of the Court's trust. *Id.* Finally, Judge Ingram noted that the factor regarding the need to avoid

5

unwarranted sentencing disparities is addressed by imposing a within-Guidelines sentence. *Id.*

Ultimately, Judge Ingram made the following recommendations: (1) Mr. Brown be found guilty of all three violations in the Report and Addendum; (2) Mr. Brown's term of supervision be revoked with a term of imprisonment of twenty-four (24) months with no supervised release to follow; (3) Mr. Brown be placed in a facility equipped to handle his medical needs, to the extent possible; and (4) Mr. Brown not be returned to FCI McDowell. *Id.* at 10.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.* at 10; *see Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019). Mr. Brown has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution. [R. 1066.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Mickey Allen Brown **[R. 1065]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Brown is found guilty of all three violations;

3. Mr. Brown's period of supervised release is **REVOKED**, and he shall serve a term of imprisonment of twenty-four months, with no supervised release to follow;

4. To the extent possible, Mr. Brown shall be placed in a facility equipped to handle his medical needs; and

5. As requested, if possible, Mr. Brown shall not be returned to FCI McDowell.

This the 11th day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge